IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANGELA McADAMS,

        Plaintiff,

v.

WAL-MART STORES EAST, LP.
AND JOHN DOE,

        Defendants.

_____/

Civil Action File No.
1:16-cv-02758-TWT

## DEFENDANT WAL-MART  STORES EAST, LP'S
## MOTION FOR SUMMARY JUDGMENT

COMES NOW Defendant Wal-Mart  Stores East, LP and moves this Court to enter a summary judgment in Defendant's favor, and in support hereof, shows the Court the following:

### 1.

Defendant shows that there is no genuine issue as to any material fact, and that Defendant is entitled to judgment in its favor as a matter of law.

### 2.

In support of this Motion for Summary Judgment, Defendant relies upon the following:

    a.      Plaintiff's Complaint and Defendant's Answer;

b.     Defendant's Statement of Material Facts and Brief in Support of Motion for Summary Judgment;

c.     Defendant's Requests for Admissions to Plaintiff served November 30, 2016, copy of which is attached hereto as Exhibit "A"; and

d.     All other competent and admissible evidence timely made a part of the record.

WHEREFORE, Defendant respectfully requests that the Court inquire into and grant its Motion for Summary Judgment.

McLAIN & MERRITT, P.C.


/s/ Howard M. Lessinger
Howard M. Lessinger
Georgia Bar No. 447088
Attorneys for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta, GA  30326
(404) 365-4514
hlessinger@mmatllaw.com

The undersigned counsel certifies that the foregoing Motion and the related Brief and Statement of Material Facts have been prepared with one of the font and point selections approved by the court in LR 5.1B.

/s/ Howard M. Lessinger
Howard M. Lessinger

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANGELA McADAMS,                              Civil Action File No.
                                             1:16-cv-02758-TWT
            Plaintiff,

v.

WAL-MART STORES EAST, LP.
AND JOHN DOE,

            Defendants.

_____/

## STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED AND THEORY OF RECOVERY

COMES NOW Defendant Wal-Mart Stores East, LP, and files this Statement of Material Facts as to Which There is No Genuine Issue to be Tried, showing that Defendant is entitled to judgment as a matter of law.

1.

On July 21, 2014, Plaintiff allegedly slipped and fell at Wal-Mart Store No. 4409, Rockmart, Georgia. (See Complaint ¶¶4, 5).

2.

On November 30, 2016, Defendant Wal-Mart Stores East, LP. propounded, and served upon Plaintiff, Defendant's Request for Admissions to Plaintiff. (See Exhibit "A," Def.'s Req. for Admissions to Pl.).

Page -1-

3.

Plaintiff has not responded to Defendant's Request For Admissions. The 33 day period for responding has expired.

4.

Plaintiff Angela McAdams admits that Defendant is not liable for the July 21, 2014 incident.   (See Exhibit "A," Def.'s Req. for Admissions to Pl., ¶1).

5.

Plaintiff Angela McAdams admits that Defendant did not have actual knowledge of the alleged hazard on July 21, 2014.  (See Exhibit "A," Def.'s Req. for Admissions to Pl., ¶2).

6.

Plaintiff Angela McAdams admits that Defendant did not have constructive knowledge of the alleged hazard on July 21, 2014.  (See Exhibit "A," Def.'s Req. for Admissions to Pl., ¶3).

7.

Plaintiff Angela McAdams admits that Defendant did not have superior knowledge of the alleged hazard on July 21, 2014.  (See Exhibit "A," Def.'s Req. for Admissions to Pl., ¶4).

8.

Plaintiff Angela McAdams admits that Defendant did not have actual, constructive or superior knowledge of the alleged hazard on July 21, 2014.  (See Exhibit "A," Def.'s Req. for Admissions to Pl., ¶5).

9.

Plaintiff Angelea McAdams admits that Defendant was not negligent on July 21, 2014. (See Exhibit "A," Def.'s Req. for Admissions to Pl., ¶6).

10.

Plaintiff Angela McAdams admits that Defendant breached no duty to Plaintiff on July 21, 2014.  (See Exhibit "A," Def.'s Req. for Admissions to Pl., ¶7).

11.

Plaintiff Angela McAdams admits that no act or omission of Defendant was a proximate cause of any injuries alleged by Plaintiff in this action. (See Exhibit "A," Def.'s Req. for Admissions to Pl., ¶ 8).

12.

Plaintiff Angela McAdams admits that she failed to exercise care for her own safety at Wal-Mart Store 4409, Rockmart, Georgia on July 21, 2014.  (See Exhibit "A," Def.'s Req. for Admissions to Pl., ¶9).

13.

Plaintiff Angela McAdams admits that her negligence on July 21, 2014, was the sole proximate cause of any and all of her alleged injures. (See Exhibit "A," Def.'s Req. for Admissions to Pl., ¶10).

14.

Plaintiff Angela McAdams admits that all of her medical treatment following the alleged incident on July 21, 2014 at Wal-Mart were the result of medical conditions that existed prior to July 21, 2014.  (See Exhibit "A," Def.'sReq. for Admissions to Pl., ¶11).

15.

Plaintiff Angela McAdams admits that her alleged injuries on July 21, 2014 were caused solely by pre-existing medical conditions which did not involve Defendant.  (See Exhibit "A," Def.'s Req. for Admissions to Pl., ¶12).

16.

Plaintiff Angela McAdams admits that Judgment should be entered in favor of Defendant as a matter of law.   (See Exhibit "A," Def.'s Req. for Admissions to Pl., ¶13).

17.

Plaintiff Angela McAdams admits that Judgment should be entered in favor

of Wal-Mart Stores East, LP as a matter of law.    (See Exhibit "A," Def.'s Req. for Admissions to Pl., ¶14).

18.

Summary judgment is appropriate due to the judicial admissions that resulted from Plaintiff's failure to respond to Requests for Admissions served by Defendant pursuant to Fed. R. Civ. P. 36.  See O.C.G.A. § 51-3-1; Le v. Shepherd's Pond Homeowners Ass'n, 280 Ga. App. 36, 633, S.E.2d 363 (2006); Stephens v. Alan v. Mock Construction Co., Inc., 302 Ga. App. 280, 690 S.E.2d 225, cert. denied, No. S10C1012, 2010 Ga. LEXIS 533 (Ga. 2010); Robinson v. Kroger, 268 Ga. 735 493 S.E.2d403 (1997); Alterman Foods v. Ligon, 246 Ga. 620, 272 S.E.2d 327 (1980); Kroger Co. v. Williams, 274 Ga. App. 177, 179, 617 S.E.2d 160 (2005); Matthews v. The Varsity, Inc., 248 Ga. App. 512, 546 S.E.2d 878 (2001); Haskins v. Piggly Wiggly Southern, 230 Ga. App. 350, 351, 496 S.E.2d 471 (1998).

19.

Plaintiff cannot demonstrate that Wal-Mart had superior knowledge of any alleged hazard.   As a result, summary judgment in favor of Defendants is warranted.  See, e.g., Wright v. K-Mart Corp., 286 Ga. App. 765, 650 S.E.2d 300 (2007); Ponder v. Brooks, 256 Ga. App. 596, 569 S.E.2d 267 (2002); Capes v. Dollar General Corp., 256 Ga. App. 101, 102, 567 S.E.2d 726 (2002); Gresham v. Bell's Food Market, Inc., 244 Ga. App. 240, 534 S.E.2d 537 (2000).

McLAIN & MERRITT, P.C.

/s/ Howard M. Lessinger
Howard M. Lessinger
Georgia Bar No. 447088
Attorney for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
hlessinger@mmatllaw.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANGELA McADAMS,                              Civil Action File No.
                                             1:16-cv-02758-TWT

              Plaintiff,

v.

WAL-MART STORES EAST, LP.
AND JOHN DOE,

              Defendants.

_____

**DEFENDANT'S BRIEF IN SUPPORT OF**
**MOTION FOR SUMMARY JUDGMENT**

1. **INTRODUCTION**

        This is an alleged slip and fall case.  Plaintiff failed to respond to Requests for

Admissions served pursuant to Rule 36, Federal Rules of Civil Procedure, and has

therefore admitted facts which mandate  summary judgment in Defendant Wal-

Mart Stores East, LP's favor.  Defendant respectfully submits that Plaintiff cannot

meet her burden of establishing the existence of a genuine issue of material fact, and

that summary judgment is mandated.

II. **ARGUMENT AND CITATION OF AUTHORITY**

        On July 21, 2014, Plaintiff alleges she slipped and fell at Wal-Mart Store No.

4409, Rockmart,  Georgia.  (See Complaint ¶¶4, 5).


        On November 30, 2016, Defendant served Request for Admissions to Plaintiff.

(<u>See</u> Exhibit "A," Def.'s Req. for Admissions to Pl.).  <u>Plaintiff has failed to respond to these Request For Admissions.  The 33 day period to respond has expired</u>.

Plaintiff admits that <u>Defendant is not liable</u> for the July 21, 2014 incident (<u>See</u> Exhibit "A," Def.'s Req. for Admissions to Pl., ¶).  Plaintiff admits that Defendant did not have actual knowledge of the alleged hazard on July 21, 2014. (<u>See</u> Exhibit "A," Def.'s Req. for Admissions to Pl., ¶2).  Plaintiff admits that Defendant did not have constructive knowledge of the alleged hazard on July 21, 2014. (<u>See</u> Exhibit "A," Def.'s Req. for Admissions to Pl., ¶3).  Plaintiff admits that Defendant did not have superior knowledge of the alleged hazard on July 21, 2014. (<u>See</u> Exhibit "A," Def.'s Req. for Admissions to Pl., ¶4)  Plaintiff admits that Defendant did not have actual, constructive or superior knowledge of the alleged hazard on July 21, 2014. (<u>See</u> Exhibit "A," Def.'s Req. for Admissions to Pl., ¶5) Plaintiff admits that Defendant is was not negligent on July 21, 2014. (<u>See</u> Exhibit "A," Def.'s Req. for Admissions to Pl., ¶6).

Plaintiff Angela McAdams admits that <u>Defendant breached no duty</u> to her on July 21, 2014 (<u>See</u> Exhibit "A," Def.'s Req. for Admissions to Pl., ¶7).   Plaintiff admits that no act or omission of Defendant was a proximate cause of any injuries alleged by Plaintiff in this action. (<u>See</u> Exhibit "A," Def.'s Req. for Admissions to Pl., ¶8).  Plaintiff admits she failed to exercise care for her own safety at Wal-Mart Store #4409, Rockmart, Georgia on July 21, 2014 .(<u>See</u> Exhibit "A," Def.'s Req. for Admissions to Pl., ¶9).

Plaintiff admits that her own negligence on July 21, 2014 was the sole proximate cause of any and all of her alleged injuries. (See Exhibit "A," Def.'s Req. for Admissions to Pl., ¶10).  Plaintiff  admits that all of her medical treatment following the alleged incident on July 21, 2014 at Wal-Mart were the result of medical conditions that existed prior to July 21, 2014. (See Exhibit "A," Def.'s Req. for Admissions to Pl., ¶11).  Plaintiff admits that her alleged injuries on July 21, 2014, were caused solely by pre-existing medical conditions which did not involve Defendant.  (See Exhibit "A," Def.'s Req. for Admissions to Pl., ¶12).

Plaintiff admits that Judgment should be entered in favor of Defendant Wal-Mart Stores East, LP as a matter of law.    (See Exhibit "A," Def.'s Req. for Admissions to Pl., ¶13, 14).

To recover for injuries in a this action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the alleged hazard; and (2) that the plaintiff lacked knowledge of the alleged hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier. Robinson v. Kroger, 268 Ga. 735 493 S.E.2d 403 (1997); Alterman Foods v. Ligon, 246 Ga. 620, 272 S.E.2d 327 (1980).  It is well-settled in Georgia that the plaintiff has the burden of presenting some evidence of a store proprietor's superior knowledge of the alleged hazard to survive summary judgment.  "Proof of nothing more than the occurrence of the fall is insufficient to establish the proprietor's negligence.  To presume that because a customer falls in a store that the proprietor has somehow

Page -3-

been negligent would make the proprietor an insurer of his customer's safety which he is not in this state." <u>Chisholm v. Fulton Supply Co.</u>, 184 Ga. App. 378, 361 S.E.2d 540 (1987).

Here, due to Plaintiff's failure to respond to Requests for Admissions propounded and served on November 30, 2016, Plaintiff has admitted facts which establish that she cannot demonstrate that Defendant had superior knowledge of the alleged hazard.  (<u>See</u> Exhibit "A," Def.'s Req. for Admissions to Pl., ¶4).  Plaintiff also has admitted that Defendant is not liable to her, and that judgment should be entered in favor of Defendant as a matter of law.  (<u>See</u> Exhibit "A," Def.'s Req. for Admissions to Pl., ¶¶13, 14).  Therefore, summary judgment in Defendant's favor is warranted.

Plaintiff failed to respond to Defendant's Requests for Admissions as required under Rule 36, Federal Rules of Civil Procedure.  Therefore, Defendant's Requests for Admission are deemed admitted.  <u>See</u>  Rule 36(a)(3) "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."   Based upon the foregoing, Plaintiff has admitted that Defendant was not negligent, and that Plaintiff's own negligence was the <u>sole</u> proximate cause of the subject alleged incident.

III.   **<u>CONCLUSION</u>**

It is well-settled that Rule 36 admissions may serve as the basis for a motion

for summary judgment.  See, e.g., Le v. Shepherd's Pond Homeowners Ass'n, 280

Ga. App. 36, 633, S.E.2d 363 (2006); Stephens v. Alan v. Mock Construction Co., Inc.,

302 Ga. App. 280, 690 S.E.2d 225, cert. denied, No. S10C1012, 2010 Ga. LEXIS 533

(Ga. 2010); Home Indem. Co. Manchester, New Hampshire v. Toombs, 910 F.Supp.

1569, 1572 (N.D.Ga. 1995) (citing United States v. 2204 Barbara Lane, 960 F.2d 126,

129 (11th Cir. 1992).  The rule is designed to expedite litigation, and it permits the

party securing admissions to rely on their binding effect. Here, due to Plaintiff's

admissions, there is no genuine issue of material fact, and defendant is entitled to

Judgment as a matter of law.

<div style="margin-left: 40%;">

Respectfully submitted,

McLAIN & MERRITT, P.C.

/s/ Howard M. Lessinger
Howard M. Lessinger
Georgia Bar No. 447088
Attorneys for Defendant
WAL-MART STORES EAST, LP

</div>

3445 Peachtree Road, N.E.
Suite 500
Atlanta, GA  30326
(404) 365-4514
hlessinger@mmatllaw.com

## CERTIFICATE OF SERVICE

This is to certify that on January 10, 2017, I electronically filed DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; STATEMENT OF MATERIAL FACTS; and BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT with the Clerk of Court using the CM/ECF system. Defendant additionally served Plaintiff by depositing same in the United States Mail in envelopes with sufficient postage affixed thereon to insure delivery addressed as follows:

Angela McAdams
1405 Mize Road
Toccoa, GA 30577

McLAIN & MERRITT, P.C.


  /s/ Howard M. Lessinger
Howard M. Lessinger
Georgia Bar No. 447088
Attorneys for Defendant
WAL-MART STORES EAST, LP.

3445 Peachtree Road, N.E.
Suite 500
Atlanta, GA  30326
(404) 365-4514
hlessinger@mmatllaw.com

Page -6-